# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

DOUGLAS EDWARD DAVIS,   Case No. 05-11333-RGM
                        (Chapter 13)
    Debtor.

## MEMORANDUM OPINION

Douglas E. Davis filed a motion to avoid judicial liens under §522(f) of the United States Bankruptcy Code on March 19, 2007 (Docket Entry 108). The motion addressed judgments obtained by Bank of America, NA, previously Nationsbank and Great Seneca Financial Corporation (Assignee of Household Bank).

The Bankruptcy Code permits debtors to avoid liens in certain circumstances. One circumstance is where there is a judicial lien that requires a debtor's exemptions. In this case, the debtor states that the creditors obtained a lien; that he filed a homestead deed claiming an exemption in certain personal property; and that no objection to the homestead exemption was timely made. He also claimed certain personal property exempt under §34-26 of the Code of Virginia (1950). There is a distinction, however, between a judgment obtained by a creditor and a lien that may arise from that judgment. The immediate problem with the motion is that it does not appear that either creditor has a lien. A lien on personal property arises as to intangible personal property, such as wages, when a writ of fieri facias is issued and delivered to the sheriff and as to tangible personal property when a writ of fieri facias is issued and the sheriff actually levies on the personal property. The liens are not permanent; they expire if the creditor does not pursue them further such as providing for a sale of any tangible property which has been levied upon or obtaining a writ of

payment in the case of intangible property upon which the lien attaches. In this case, while judgments were entered in the General District Court, there is no indication that there was any execution on the judgment, that is, that a writ of fieri facias was issued. Consequently, it does not appear that there is a lien on any personal property that the debtor may own. The purpose of §522(f) is not to set aside a judgment, only to avoid a lien. If the case is successfully completed, the judgments will likely be discharged. It is important for the debtor to make sure that the judgments are marked discharged in bankruptcy. At this point, however, there is nothing that the court can or ought to do.

The court also notes that with respect to the motion, the court cannot determine what personal property is involved. The lien can be avoided only as to that personal property claimed exempt in the homestead deed or pursuant to §34-26. This issue is moot because no lien arises as to any property.

For the foregoing reasons, the motion will be denied without prejudice.

Alexandria, Virginia
April 23, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Gerald M. O'Donnell

Copy mailed to:

Douglas Edward Davis
3900 Cameron Mills Road
Apt. 103
Alexandria, Virginia 22306

13518